## LINDBERG et al. v. SOUTHERN CASUALTY CO.

(District Court, S. D. Texas, at Houston. July 21, 1926.)

1. **Courts �köö489(9½)—Action under Louisiana Workmen's Compensation Law is maintainable in any court of law having jurisdiction of parties.**

Louisiana Workmen's Compensation Law (Act No. 20 of 1914, as amended), *held* to give a transitory action in nature of contractual right cognizable in any court of law having jurisdiction of parties, and not to merely make provision for administrative remedy of such nature that it can only be applied in and by tribunals of the state.

2. **Admiralty �köö20.**

Accidental death of employé on dredge creating navigable channel from river to lake in Louisiana is not matter within exclusive jurisdiction of admiralty, but one of local law for which Louisiana Workmen's Compensation Law furnishes measure of rights and liabilities.

3. **Master and servant �köö405(4)—Death of employé, who fell in water from dredge, held sufficiently proven in compensation case (Louisiana Workmen's Compensation Act).**

Death of employé *held* sufficiently proved, in action under Louisiana Workmen's Com-

pensation Law (Act No. 20 of 1914, as amended), by evidence that he fell off dredge into water, and was never seen afterwards, though dredge was shut down and diligent search made.

**4. Master and servant ⊚⟹405(4).**

In absence of evidence of intentional drowning, that theory must be rejected in action under Louisiana Workmen's Compensation Law for death from falling from dredge and drowning.

**5. Master and servant ⊚⟹405(4)—Evidence in compensation case held to show accidental death from drowning rather than from heart failure (Louisiana Workmen's Compensation Law).**

Evidence in action under Louisiana Workmen's Compensation Law (Act No. 20 of 1914, as amended), for death of employé who fell into water from dredge, *held* to show accidental death from drowning in the course of his employment, rather than from heart failure, though sudden attack of illness may have occasioned accident.

At Law. Action by Carl Lindberg and others against the Southern Casualty Company. Judgment for plaintiffs.

Lockhart, Hughes & Lockhart and W. E. Price, all of Galveston, Tex., for plaintiffs.

Brantly Harris, of Galveston, Tex., for respondent.

HUTCHESON, District Judge. This is a suit properly brought by those entitled under a Louisiana statute to recover the amount due under the Workmen's Compensation Law of the state of Louisiana Act No. 20 of 1914, as amended), on account of the death by accident of the father of plaintiff.

[1] The defendants assert that the statute does not furnish a cause of action which could be tried in a court of law, but merely makes provision for an administrative remedy of such nature as that it can only be applied in and by the tribunals of the state of Louisiana.

I have examined the act and find that it gives a transitory action in the nature of a contractual right cognizable in any court having jurisdiction of the parties, and that there is nothing in it which presents any difficulty in examining and enforcing the claim.

[2] Defendants next contention is that this is a case of admiralty jurisdiction, and invokes that long line of confused authority on this point.

While on the general proposition my view of the matter is that expressed by Mr. Justice Brandeis in his dissenting opinion in Washington v. Dawson, 264 U. S. 219, 44 S. Ct. 302, 68 L. Ed. 646, especially in that part of it which constitutes a most admirable contribution to the science of the law, beginning at page 235 of 264 U. S. (44 S. Ct. 302) to the end, and so feeling I would let my mind be bold to find an exception here, it is not necessary for me to do so, for the Supreme Court of the United States, in its slow but inevitable back trek has already made the exception in refusing writ of certiorari (46 S. Ct. 353) in Southern Surety Co. v. Crawford (Tex. Civ. App.) 274 S. W. 280, and in affirming the Supreme Court of Texas in Miller's Indemnity Underwriters v. Brand, 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470, 1926 A. M. C. 310, in the one case holding that a dredgeman on a dredge in an inland harbor channel, while subject to admiralty jurisdiction, could contract with his employer and obtain the benefit of the Workmen's Compensation Act, and in the other that a driver on a floating barge, on the navigable Sabine river, while subject to admiralty jurisdiction, yet might obtain the benefit of the Workmen's Compensation Act of the state of Texas (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), because the matter was local, and its control by the statutes of the state as to compensation would work no material prejudice to the general maritime law.

The facts here make the case even more clearly one of local law. While there was deep water around the dredge and the channel she was digging was intended to be navigated when finished, she was in fact merely eating her way over land from the Sabine river to Lake Charles, La., to create a navigable channel.

So whether it be considered that the injury did not occur on a navigable stream, and therefore was not the subject of admiralty jurisdiction, or whether it be considered to be within that jurisdiction is immaterial, since in either event the Workmen's Compensation Law of Louisiana would be applicable here, and would furnish the measure of the rights and liabilities of employer and employé.

[3] Upon the merits of the case respondent insists:

(1) That the plaintiffs have failed, to prove, first, that the employé is dead; and, second, that he died as the result of accident.

On the first point, there is positive, uncontradicted testimony that Lindberg fell off the dredge into the water; that he never came up; that there was diligent search made for his body for some thirty minutes before the dredge resumed operations. His son, plaintiff in this case, was employed aboard the dredge at the time, and he testified that he saw him just before he fell overboard, and that he

had never seen him since. There was evidence that the dredge had shut down, and that they had made a diligent but unavailing search for his body. I find this evidence ample on the first point.

[4] Respondents, on their second point, cite three cases from the Supreme Court of Louisiana, which they say should constitute the rule of decision here.

Whether this court, in applying the Louisiana statute, would be bound by the construction of that court on precisely such a state of facts as those presented here, as to whether an accidental death had been proven within the meaning of the act, is not necessary for me to decide, for none of the cases cited are upon facts such as those presented here; and, while I agree with the original opinion and disagree with the opinion on rehearing in the case of Haddad v. Commercial, 150 La. 327, 90 So. 666, I think it plain that the facts of this case are much stronger for claimant than were those there.

As stated above, the fact that he died by falling from the dredge was amply proven. That he fell either as the result of accident or intention, I think indisputable. Nor would it be any less an accident, in view of the nature of his work, over deep water, if the evidence established that the fall was due to a sudden seizure. The record contains no evidence whatever of an intentional drowning, and that theory must be rejected. Commonwealth v. Mink, 123 Mass. 422, 25 Am. Rep. 109; Sponatski's Case, 220 Mass. 526, 108 N. E. 466, L. R. A. 1916A, 333.

[5] It remains only to consider whether the evidence that he had left the engineroom, where he was employed as third engineer, had gone on deck, and had been sitting there for about an hour with his head in his hands, and that he fell off the dredge when it was still in smooth water, and not rocking any, would be sufficient proof of death from heart failure rather than death from drowning.

All the evidence was that deceased was in good health except the evidence of George Hicks, under whom Lindberg, deceased, was working, who stated that he had heard him complain of his chest and head, and that he had a bad cough, and had seen him spit up a lot of blood about a week before he fell overboard. Hicks, also a witness of the accident, testified that he needed Lingberg, found him out of the engineroom went up on deck, saw Lindberg sitting on one of the bitts with his head hanging down in his hands. "I said, 'Hey, there, what are you doing sitting down there?' and when I said that he dropped off. He did not make any noise at all, but fell head first and never came up. He had the appearance of being sober, and he was sober when I saw him last."

Hicks testified in another affidavit that from the manner in which Lindberg fell overboard it was an involuntary act on his part, and was occasioned by the said Lindberg being taken suddenly with illness.

Upon these facts I think it plain that the deceased was in the course of his employment, that he suffered external injury by drowning, and that the mere fact that the sudden attack of disease may have caused the accident can have no bearing upon the matter. See notes L. R. A. 1916A, p. 293, Southwestern Surety Co. v. Owens (Tex. Civ. App.) 198 S. W. 662, and Zappala v. Industrial Ins. Com., 82 Wash. 314, 144 P. 54, L. R. A. 1916A, 295, in which it is held that an accident is an unlooked for mishap or untoward event, which is not expected or designed.

Let judgment be prepared for plaintiffs for the amount, and payable in the manner provided by the Louisiana Act, and fixing the fees of his counsel not in addition to, but to be paid out of, the compensation.