**UNITED DREDGING CO. et al. v. LINDBERG et al.***

Circuit Court of Appeals, Fifth Circuit.
April 6, 1927.

No. 4942.

1. **Courts** ⬅489(9½)—**Action for death of engineer on dredgeboat digging canal, who was drowned, held not within exclusive jurisdiction of admiralty law (Acts La. 1914, No. 20).**

Action under Workmen's Compensation Law of Louisiana (Acts La. 1914, No. 20), brought to federal court for diversity of citizenship, to recover for death of engineer on dredgeboat, who fell off and was drowned, held not within exclusive jurisdiction of admiralty law, where boat was digging canal at time of death.

*Certiorari denied 47 S. Ct. 769, 71 L. Ed. —.

2. **Courts** ⬅8, 489(9½)—**Louisiana Workmen's Compensation Law may be enforced in federal court as well as court of another state (Acts La. 1914, No. 20).**

Action in Texas under Workmen's Compensation Law of Louisiana (Acts La. 1914, No. 20), brought to federal district court in Texas for diversity of citizenship, to recover for death of engineer on dredgeboat, who fell off and was drowned, held not demurrable on ground that liability could not be enforced, except in state court of Louisiana, since statute of one state will be enforced by outside courts, unless some insuperable obstacle is presented.

3. **Master and servant** ⬅405(4)—**Evidence held to justify conclusion that dredgeboat engineer's death by drowning was accidental, in course of employment.**

Evidence held to justify District Judge's conclusion that death of engineer of dredgeboat, who fell into water and was drowned while cooling off on deck, was accidental, and occurred during course of employment.

4. **Master and servant** ⬅376(1)—**Employee is in "course of employment," if present and ready to obey orders, though he has temporarily ceased to work.**

Employee is deemed to be acting in "course of employment" whenever he is present and ready to obey orders, although, even for purposes of his own, he has temporarily ceased to work.

[Ed. Note.—For other definitions, see Words and Phrases, First Second Series, Course of Employment.]

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Judge.

Action under the Workmen's Compensation Law of Louisiana by Carl Lindberg and another, suing by their next friend and mother, Mrs. C. Lindberg, against the United Dredging Company and another. Judgment for plaintiffs (15 F.[2d] 54), and defendants bring error. Affirmed.

Maco Stewart and Brantly Harris, both of Galveston, Tex., for plaintiffs in error.

H. C. Hughes and W. E. Price, both of Galveston, Tex. (Lockhart, Hughes & Lockhart, of Galveston, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an action at law under the Workmen's Compensation Law of Louisiana (Act No. 20 of 1914), in which the minor children of Carl Lindberg, deceased, by their next friend, sued in a state court of Texas to recover for the accidental death by drowning of their father, during the course of his employment as assistant engineer of a dredgeboat. The defendants were

the United Dredging Company, owner and operator of the dredgeboat, and the Southern Casualty Company, surety on the Dredging Company's bond. The plaintiffs were citizens of Texas, and the defendants were corporations under the laws of other states. The damages were laid at $6,000, and because of diversity of citizenship the case was removed to the federal District Court for the Southern District of Texas. 15 F.(2d) 54.

The petition was demurred to on the grounds (1) that the cause of action was within the exclusive jurisdiction of the admiralty law; or, if this were not so, (2) that the liability asserted could not be enforced elsewhere than in a state court of Louisiana. The demurrer was overruled, and a trial was had before the District Judge without a jury. The facts are not in dispute:

The Dredging Company had a contract to dig a navigable canal from the Sabine river, on the boundary line between Texas and Louisiana, to Lake Charles, in Louisiana. In pursuance of that contract its dredge was cutting a canal across land, and was kept afloat by water which filled up the canal as it was cut. Lindberg was second engineer on the dredgeboat, and while acting as such the engine room became so hot and close that he went up on deck to cool off. He sat down on one of the bitts located about amidships along the side of the dredgeboat, where he remained some time, probably an hour, and until an oiler came up and asked him what he was doing there. Lindberg, when discovered by the oiler, was sitting in a leaning position, with his head resting on his hands, and when accosted raised up and immediately fell overboard. The oiler testified that Lindberg's appearance indicated that he was sick, and that he did not seem to go overboard voluntarily. The engines were stopped, and a search was made for Lindberg's body, but it was not found. The District Judge entered a judgment for the plaintiffs.

Defendants assign error, and contend that the demurrer should have been sustained, and that the evidence was not sufficient to show either that Lindberg's death was due to accident, or that it occurred in the course of his employment.

[1] In our opinion, the demurrer was not sustainable on the first ground. The kind of work that was being done at the time of Lindberg's death was well described by the District Judge as follows: "While there was deep water around the dredge, and the channel she was digging was intended to be navigated when finished, she was in fact merely eating her way over land * * * to create a navigable channel." That maritime jurisdiction in such a case as this is not prejudicially interfered with by the statute in question was held by the Supreme Court in Millers' Underwriters v. Braud, 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470. In that case a diver died of suffocation in the navigable waters of the Sabine river while he was engaged in sawing off submerged timbers, which had become an obstruction to navigation. That was a stronger case than this upon which to base a claim of exclusive maritime jurisdiction. But, in affirming a judgment in a suit under the Workmen's Compensation Law of Texas (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), it was said: "The matter is of mere local concern, and its regulation by the statute will work no material prejudice to any characteristic feature of the general maritime law."

[2] On principle, the other ground of the demurrer seems to be equally untenable. The rule that the statute of one state will be enforced by courts outside that state should be applied to Workmen's Compensation Laws, unless some insuperable obstacle is presented. The Louisiana Compensation Law provides for its enforcement in the courts of that state, and, in the case of injury to an employee, for a review and modification of a judgment after the expiration of a year from its entry. Act No. 20 of 1914. The liability created is enforceable in the courts of another state (Tenn. Coal Co. v. George, 233 U. S. 354, 34 S. Ct. 587, 58 L. Ed. 997, L. R. A. 1916D, 685), or in the courts of the United States (Northern Pacific R. R. Co. v. Babcock, 154 U. S. 190, 14 S. Ct. 978, 38 L. Ed. 958).

There does not appear to be any reason that would prevent any court that has once taken jurisdiction from granting a review and modification of its judgment after the term had expired at which such judgment was entered; but that feature of the statute is immaterial in this case, inasmuch as this suit sought judgment on account of death. In Texas Pipe Line Co. v. Ware, 15 F.(2d) 171, the Circuit Court of Appeals for the Eighth Circuit affirmed a judgment, recovered in a federal District Court of Arkansas, based upon the same Louisiana statute which is here involved. We think that decision is sound, and that it correctly distinguishes the case of Logan v. Missouri Valley Bridge & Iron Co., 157 Ark. 528, 249 S. W. 21. The Oklahoma statute (Comp. St. 1921, §§ 7282–7340), which the Supreme Court of Arkansas refused to enforce, commits the enforcement of its provisions to an administrative board, whereas the Louisiana

statute is required to be administered by the courts.

The case of Delaware, etc., R. R. Co. v. Peck, 255 F. 261, decided by the Circuit Court of Appeals for the Second Circuit, is not authority for the position taken by defendants. The suit there was not based upon the New Jersey statute; but the plaintiff sought to recover damages in a common-law action, and the ruling was that he was precluded from doing so because he was bound by the New Jersey Compensation Law (P. L. 1911, p. 134, as amended by P. L. 1913, p. 302). In Barnhart v. American Concrete Steel Co., 227 N. Y. 531, 125 N. E. 675, the Court of Appeals of New York made practically the same ruling as was made in the Peck Case, and in addition declared that there was nothing in the public policy of New York to prevent the enforcement of a contract of employment under the New Jersey Compensation Law. The last-cited case in effect overrules several earlier cases decided by the Supreme Court of New York, which are also relied on by defendants. [3, 4] On the merits: The presumption against suicide, and the oiler's testimony, justified the conclusion of the District Judge that Lindberg's death was accidental. Lindberg's illness was not shown to be more than temporary. The evidence does not support the theory that he died suddenly from natural causes. He was alive at the time he fell into the water, and the natural inference, in the absence of proof to the contrary, is that he was drowned. His death occurred during the course of his employment. It is immaterial that at the moment of death he was not in the actual performance of his duty. An employee is deemed to be acting in the course of his employment whenever he is present and ready to obey orders, although, even for purposes of his own, he has temporarily ceased his work. Harvey v. T. & P. Ry. Co. (C. C. A.) 166 F. 385, 398; 18 R. C. L. 582.

The judgment is affirmed.