FRANK P. CUSICK'S (dependent's) CASE.

Suffolk.   May 21, 1927. — June 30, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.  *Proximate Cause.*

The mere facts, that an employee of a subscriber under the workmen's compensation act, who was found unconscious at the foot of a flight of stairs belonging to the employer and died from a fracture of the skull resulting from the fall, was subject to attacks of epilepsy and had "started in to work, and in going down the cellar stairs had an attack, and fell," did not preclude a right of his dependent to compensation under the act.

If an epileptic employee of a subscriber under the workmen's compensation act, while doing work for which he is hired, suffers an injury that may be attributed to his employment and not solely to his disease, compensation may be recovered under the act.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to a sister of Frank P. Cusick, who died while in the employ of the town of Brookline.

In the Superior Court, the case was heard by *Bishop,* J. Material evidence is stated in the opinion. By order of the judge, a final decree was entered in accordance with the decision of the board. The insurer appealed.

The case was submitted on briefs.

*C. O. Pengra & H. Schnare,* for the insurer.

*R. W. Frost & M. B. Breath,* for the claimant.

CARROLL, J. In this proceeding under the workmen's compensation act, the employee was found unconscious at the foot of a flight of stairs in the town stable belonging to the employer, and died from a fracture of the skull resulting from the fall. The medical examiner testified that the employee was subject to attacks of epilepsy; that he "started in to work, and in going down the cellar stairs had an attack, and fell." It was agreed that the employee was employed

by the town of Brookline, "and at his work," and that the town had accepted the workmen's compensation act.

If the employee were not subject to an attack of epilepsy, and fell upon the stairs while occupied in the course of his employment, his dependents could recover compensation under the statute. *Sundine's Case*, 218 Mass. 1. *Dow's Case*, 231 Mass. 348. *Hallett's Case*, 232 Mass. 49.

The fact that he suffered from epilepsy does not bar a recovery. The protection of the statute is not limited to employees who are in good health. It includes all employees mentioned in the statute who are in the service of the employer under a "contract of hire." G. L. c. 152, § 1 (4). "The previous condition of health is of no consequence in determining the amount of relief to be afforded. It has no more to do with it than his lack of ordinary care or the employer's freedom from simple negligence. . . . It is the injury arising out of the employment and not out of disease of the employee for which compensation is to be made. Yet it is the hazard of the employment acting upon the particular employee in his condition of health and not what the hazard would be if acting upon a healthy employee or upon the average employee. The act makes no distinction between wise or foolish, skilled or inexperienced, healthy or diseased employees. All who rightly are describable as employees come within the act." *Madden's Case*, 222 Mass. 487, 494. This principle was followed in *Mooradjian's Case*, 229 Mass. 521, *Dow's Case*, *supra*, and in *Hallett's Case*, *supra*.

An employee cannot recover under the statute unless the injury is received while he is engaged in the course of his employment and the injury arises out of or is caused by the employment. But if, while doing the work for which he is hired, he suffers an injury that may be attributed to his employment and not solely to some disease or physical weakness not caused by the employment, he may recover. See *Hallett's Case*, 230 Mass. 326. It might well have been found that the employee's death resulted not from epilepsy but because of the fracture of his skull. The circumstance that the epilepsy contributed in part to the fall did not

prevent a finding of a causal connection of the employment with the injury.

The question of dependency is not argued. The decree of the Superior Court awarding compensation to the sister of the deceased employee is affirmed.

*So ordered.*