Tapp *v.* Tapp.

(*Nashville,* December Term, 1950.)

Opinion filed March 9, 1951.

(1)

2

HUGH F. CAREY, JR., and HARSH, PIERCE, COCHRAN & RICKEY, all of Memphis, for plaintiff in error.

McDONALD, McDONALD & KUHN, of Memphis, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is a workmen's compensation case in which the injured employee was denied an award for injuries admittedly sustained *in the course of* his employment. The trial judge held that it was not an accident "arising out of" his employment. This is the only question raised in the assignments of error.

The undisputed facts show the accident and injury to have happened under the following circumstances. Lee Tapp was in the regular employment of the Tapp Lumber Company. At the time of the accident he was driving an automobile and was making a delivery of some hardware pursuant to the directions of his employer. He was

in the act of turning from the main highway onto Prescott Street when he was suddenly seized with a coughing spell due to an asthmatic condition. As a result of the coughing spell he "blacked out", and the automobile which he was driving ran into a deep ditch causing some severe and painful injuries.

The three assignments of error raise the single question: "Whether or not injuries sustained in an automobile accident which occurred in the course of employment, but was precipitated by a physical disability unconnected with the workmen's employment, are compensable under the Workmen's Compensation Act of Tennessee as injuries which result from an accident 'arising out of' the workmen's employment."

We have no case in this State in which we have dealt with this question. It is conceded by counsel for appellees that our Workmen's Compensation Act has been given a liberal construction so as to secure for the beneficiaries of the Act every protection which it authorizes. *Turner* v. *Bluff City Lumber Co.*, 189 Tenn. 621, 227 S. W. (2d) 1; Code Section 6901 and cases cited.

The decisions are both numerous and conflicting in which the courts have construed the Sections of the Code defining an "accident" which *"arises out of and in the course of employment."* Code, Section 6852. It will serve no purpose for us to undertake to distinguish the instant case from "border line cases" cited by able counsel for both the appellant and the appellee. Indeed arguing by way of analogy in compensation cases adds nothing to the law.

It is important that we preface our consideration of the issue here involved with the statement that in giving a liberal construction to the statute, "Any reasonable doubt as to whether the act or injury of the

employee arose out of the employment should be resolved in favor of the employee or dependent.'' See NACCA Law Journal, Vol. 4, pp. 83, 84, and cases cited. In Horovitz on Workmen's Compensation, p. 153; ''Hence board or commission awards based on a liberal construction of the words 'out of' are upheld whenever 'rationally possible.' '', citing Shute's Case, 290 Mass. 393, 395, 195 N. E. 354. It is further said by the same author; ''But where *any reasonable* relation to the employment exists, or the employment is a *contributory* cause, the court is justified in upholding an award as 'out of' the employment.'', (p. 153) citing cases.

We have uniformly held that an award is justified only ''when there is . . . causal connection between the conditions under which the work is required to be performed and the resulting injury.'' *Davis* v. *Wabash Screen Door Co.,* 185 Tenn. 169, 204 S. W. (2d) 87; *Mayor and Aldermen of Town of Tullahoma* v. *Ward,* 173 Tenn. 91, 114 S. W. (2d) 804; *U. S. Fidelity & Guaranty Co.* v. *Barnes,* 182 Tenn. 400, 187 S. W. (2d) 610.

Counsel for defendant relies upon numerous cases holding that where the fall, or the accident, to the employee involves a non-industrial heart attack, dizzy or epileptic seizures, or any idiopathic condition (the same being personal to the worker), there is no right to an award under workmen's compensation statutes. The contrary seems to be the rule in many cases as where the injured employee, suffering from a cardiac condition, or any idiopathic condition, falls against an object which is a hazard to the employment. *Connelly* v. *Samaritan Hospital,* 1932, 259 N. Y. 137, 181 N. E. 76; *Cusick's Case,* 260 Mass. 421, 157 N. E. 596; and *Varao's Case,* 316 Mass. 363, 55 N. E. (2d) 451.

Contention is made by the defendant's counsel that the burden is upon the petitioner to prove a causal connection between his employment and the injury, and that since the cause of his "black-out" has no causal connection with his job he is not entitled to compensation. It cannot be denied that the burden rests upon the employee to show a causal connection between his injury and his employment. But by "causal connection" is meant not proximate cause as used in the law of negligence, but cause in the sense that the accident had its origin in the hazards to which the employment exposed the employee while doing his work. *Barlau* v. *Minneapolis-Moline P. I. Co.*, 214 Minn. 564, 9 N. W. (2d) 6.

The case most strongly relied on by defendant is *Brooker* v. *Industrial Accident Comm.*, 176 Cal. 275, 168 P. 126, L. R. A. 1918F, 878 where a carpenter, working on a scaffold thirty-nine (39) feet above ground, was seized with an epileptic fit and fell to the ground, injuring himself so badly that he died. Recovery was denied. Other cases are cited in support of the view that such cases are not compensable.

But in similar, or analogous, situations other courts have expressed a different view, holding that the idiopathic condition of the employee was contributory to the accident as a "remote cause." Thus in *Carroll* v. *What Cheer Stables Co.*, 1916, 38 R. I. 421, 96 A. 208, L. R. A. 1916D, 154, the driver of a hack, while helpless from dizziness and temporary unconsciousness fell from the cab and was injured. Compensation was allowed. It was an accident "arising out of" his employment.

The opinion refers to a well considered English case (*Wicks* v. *Dowell & Co.*, Ltd., 2 King's Bench Div. (1905) 225) where a workman, employed in unloading coal from a ship and who was required to stand by the open hatch-

way through which the coal was brought up, was seized with an epileptic fit and fell into the hold and was injured. It appears that he had had an epileptic fit on three previous occasions. His employer made the same contention as is made by defendant in the case at bar, that the cause was one which the man himself carried about with him; that the damage he sustained did not arise out of and in the course of his employment, but arose out of the idiopathic condition of the workman at the time. One of the Judges, Cozens-Hardy, L. J., disagreed with the foregoing insistence and is quoted as saying: "If I could adopt the view that has been pressed upon us, that the employer is not liable for the remote consequences of a disability which the workman brings with him to his work, I should come to a different conclusion; but I think the truer view is that a man always brings some disability with him; it may be a disability arising from age; it may be of some other nature. A workman who is put in a dangerous position in order to do his work is more liable to an accident by reason of the disability which he brings with him than he would otherwise be. Again, an old man is inherently more likely to meet with an accident than a young one, but an employer could not excuse himself on the ground of the man's age. The same consideration applies to a tendency to illness or to a fit; and if a man with such a tendency is told to go to work in a dangerous position and there meets with an accident, the accident none the less arises out of his employment because its remote cause is to be found in his own physical condition."

The holding in the above case from Rhode Island, and especially in the Wick's case cited with approval, finds support in Varao's Case, 316 Mass. 363, 366, 55 N. E. (2d) 451, 452. There the employee suffered a heart

attack while at work and fell upon a "motor box" resulting in a fracture of the skull and death. The Supreme Judicial Court, without dissent, held: "The case comes within the general principle that an employee who, while suffering from an illness not induced by his employment, is injured by falling into a machine, or by falling down stairs or against a partition, is entitled to compensation when it is found that the immediate and direct cause of the injury was coming into contact with such an object and that the contact was a risk or hazard incident to the employment. There was no error in awarding compensation."

The conclusion reached by the Court is supported by decisions cited from Massachusetts, English cases including *Wicks* v. *Dowell,* supra, Connecticut, Illinois, Maryland, New Jersey, New York, Ohio, Rhode Island, and Virginia.

In Cusick's Case [260 Mass. 421, 157 N. E. 596], supra, it was held: "If an epileptic employee of a subscriber under the workmen's compensation act, while doing work for which he is hired, suffers an injury that may be attributed to his employment and not solely to his disease, compensation may be recovered under the act."

In construing the Massachusetts statute as applicable to the injury, the employee falling down a flight of stairs while at work and when seized with an epileptic fit, it was said: "The fact that he suffered from epilepsy does not bar a recovery. The protection of the statute is not limited to employees who are in good health. It includes all employees mentioned in the statute who are in the service of the employer under a 'contract of hire.' G. L. c. 152, Section 1(4). 'The previous condition of health is of no consequence in determining the amount of relief to be afforded. It has no more to do with it than his lack

of ordinary care or the employer's freedom from simple negligence. . . . It is the injury arising out of the employment and not out of disease of the employee for which compensation is to be made. Yet it is the hazard of the employment acting upon the particular employee in his condition of health and not what the hazard would be if acting upon a healthy employee or upon the average employee. The act makes no distinction between wise or foolish, skilled or inexperienced, healthy or diseased employees.' '' See also Schneider's Workmen's Compensation, Vol. 6, Permanent Edition, page 34.

We are not by this opinion irrevocably committed to the proposition that all accidents resulting from epileptic seizures, or other idiopathic conditions, are compensable. There may be in many instances no causal connection whatever between the cause of the "blackout" and the nature of the employment. But it seems reasonable to conclude, based upon the authorities cited, that where epilepsy, or other physical disturbances, suddenly and without expectation occur and contribute to cause an injury to an employee while at work the same should be held compensable, provided there is present another hazard, incident to the employment which is generally known to exist and which is shown to be the immediate cause of the accident.

We think the trial judge was in error in holding that the plaintiff's injury did not arise ''out of'' his employment. The case is accordingly reversed and remanded for a hearing as to the amount of compensation the plaintiff is entitled to receive.

All concur.