**AMERICAN SUGAR REFINING CO.**
v.
**NED et al.**
**No. 14611.**

United States Court of Appeals
Fifth Circuit.
Jan. 29, 1954.

Leon Sarpy, Chaffe, McCall, Toler & Phillips, New Orleans, La., for appellant.

Bernard A. Horton, Horton & Horton, New Orleans, La., for Odessa E. Ned.

G. Harrison Scott, Asst. U. S. Atty., George R. Blue, U. S. Atty., New Orleans, La., for appellee Henderson.

Stuart Rothman, Sol. of Labor, Ward E. Boote, Asst. Sol., Herbert P. Miller, Atty., U. S. Department of Labor, Washington, D. C., of counsel.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action, under the Longshoremen's and Harbor Workers' Compensation Act,[1] to set aside an award for the death of a laborer who fell from a barge into the Mississippi River while in the employment of the American Sugar Refining Company. The evidence shows that on May 26, 1952, the decedent had been engaged in loading sugar into the hold of the barge. He had complained of being sick, and his foreman had suggested that he take a shower bath, but the decedent did not follow this advice. A few minutes prior to his fall into the river, he had been directed by his foreman to assist other employees in securing the barge to the dock, and it was during the performance of this duty that the alleged accident occurred. His body was recovered several days later, and his death certificate recited the cause of death as "asphyxia, due to drowning."

It is clear from the evidence that the deceased fell from the barge into the water; what caused him to fall is not shown by substantial evidence; it may have been caused by weakness or disease. The fall occurred on the shore side when the barge was several feet from the dock; the decedent was sitting upon a railing on the edge of the barge, and fell directly into the river. The fall by itself did not cause his death. If he had fallen upon the deck and expired immediately, the most reasonable inference would have been that he had died of natural causes; but he was alive when he fell into the water and dead when his body was found floating in the river several days later. We have the commissioner's findings and evidence of the living man's tumbling into the water, together with other facts and circumstances in the record, which fairly warrant the inference that drowning caused his death. Lindberg v. Southern Casualty Co., D.C., 15 F.2d 54; United Dredging Co. v. Lindberg, 5 Cir., 18 F.2d 453; New Amsterdam Casualty Co. v. Hoage, 61 App.D.C. 306, 62 F.2d 468; Cusick's Case, 260 Mass. 421, 157 N.E. 596; Mausert v. Albany Builders' Supply Co., 250 N.Y. 21, 164 N.E. 729; Dunbeker v. Duquesne Brewing Co., 141 Pa.Super. 80, 14 A.2d 905; Kanne v. Metropolitan Life Ins. Co., 310 Ill.App. 524, 34 N.E.2d 732.

1. Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

We see no reason to disturb the commissioner's finding that death resulted from an accidental injury suffered by the decedent in the course of his employment; on the contrary, we concur in it. There is insufficient evidence of his death from natural causes, and no evidence of suicide or homicide. The evidence of death in the course of employment is incontrovertible. We are urged to hold as a matter of law that a living man who fell from a barge died from disease before he was asphyxiated by river water. Such a holding is not warranted by substantial evidence. There is a presumption in favor of the continuation of life until the contrary is shown. The preponderating evidence to the contrary here is that the man was drowned, which was an efficient, intervening, independent, unintentional, and unexpected event that shortened his life and put an end to his earthly existence. The death was accidental even though the man might have died a few minutes later from natural causes if he had not met with the accident.

The judgment appealed from is affirmed.

Affirmed.