COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Frank and Senior Judge Hodges
Argued at Salem, Virginia


ROYSTER CLARK, INCORPORATED
 AND LEGION INSURANCE COMPANY
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1031-99-3             JUDGE SAM W. COLEMAN III
                                            DECEMBER 14, 1999
CHARLES D. BAYS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Mark S. Davis (Nancy C. Auth; Carr & Porter,
              L.L.C., on briefs), for appellants.

              Richard M. Thomas (Rider, Thomas, Cleaveland,
              Ferris & Eakin, on brief), for appellee.


     Royster Clark, Incorporated and Legion Insurance Company

appeal the Workers' Compensation Commission's decision awarding

Charles D. Bays benefits for injuries sustained in an automobile

accident.  The commission held that the automobile accident "arose

out of" Bays' employment.  We agree and affirm the commission's

decision.

                            BACKGROUND

     In January 1998, Bays was employed as a salesman for Royster

Clark, a farming supply distributor.  Bays' sales area consisted

of a large portion of western and southwestern Virginia.  Royster

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Clark routinely provided Bays a vehicle to travel his sales area and to make sales calls to regular and prospective customers. Bays traveled approximately 35,000 miles per year for Royster Clark. When not calling upon customers, Bays worked from his home, where Royster Clark furnished him a telephone, fax machine, copier, and typewriter.

On January 21, 1998, Bays made a sales trip to several localities in southwest Virginia. While calling on a customer at Gate City, Bays, who had been diabetic for more than twenty years, felt his blood sugar "getting low." Based on past experience, Bays knew that his thought process could become impaired. Nevertheless, he continued the meeting with his client and planned to get a Coke from a vending machine at the first opportunity in order to elevate his blood sugar level. When Bays did so, he mistakenly purchased a Diet Coke. Believing that he had corrected the diabetic problem, Bays got into his vehicle and began the drive to his next destination. If time permitted, Bays was planning to visit another customer; if not, Bays would return to his home office in Salem. After Bays traveled just a few miles, he drove off the road, hitting a tree and severely injuring himself. Bays suffered a cervical vertebral fracture, resulting in quadriplegia.

ANALYSIS

Royster Clark concedes that Bays suffered an injury occurring "in the course of" his employment, but asserts that Bays failed to prove that his accident "arose out of" his employment. Royster Clark argues that Bays was responsible for exposing himself to an increased risk of injury by driving when he knew that he was impaired and that this increased risk was not peculiar to his employment but was solely related to his diabetic condition. In addition, Royster Clark argues that the commission erred in describing Bays' diabetic condition as idiopathic.

On appeal, we view the evidence in the light most favorable to Bays, the prevailing party. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788-89 (1990). We accept the commission's factual findings when they are supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "This Court is not bound by the legal determinations made by the commission. '[W]e must inquire to determine if the correct legal conclusion has been reached.'" Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992) (quoting City of Norfolk v. Bennett, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965)), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993) (per curiam). "Whether an injury arises out of the

employment is a mixed question of law and fact . . . ." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).

In order for an injured worker to recover under the Act, the claimant must prove an injury by accident "arising out of and in the course of the employment." Code § 65.2-101. "The phrases arising 'out of' and arising 'in the course of' are separate and distinct." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). "The phrase arising 'out of' refers to the origin or cause of the injury." See id. "An injury 'arises out of' the employment if a causal connection exists between the claimant's injury and 'the conditions under which the employer requires the work to be performed' or a 'significant work related exertion.'" Bassett-Walker, Inc. v. Wyatt, 26 Va. App. 87, 92, 493 S.E.2d 384, 387 (1997) (en banc) (quoting Grove v. Allied Signal, Inc., 15 Va. App. 17, 19, 421 S.E.2d 32, 34 (1992)).

> An injury does not arise out of one's employment if it is caused by "a hazard to which the employee would have been equally exposed apart from the employment." However, if an injury "has followed as a natural incident of the work and has been a result of an exposure occasioned by the nature of the employment," then the injury "arises out of" the employment.

Marion Correctional Treatment Center v. Henderson, 20 Va. App. 477, 480, 458 S.E.2d 301, 303 (1995) (citations omitted).

- 4 -

Virginia has adopted the "actual risk" test and has rejected the "positional risk" test followed by other jurisdictions in determining whether an injury arises out of the employment.  See Johnson, 237 Va. at 185, 376 S.E.2d at 75-76.  The positional risk doctrine generally requires only that the injured employee prove that the injury occurred during the time and at the place of employment.  See id.; see also Hill City Trucking v. Christian, 238 Va. 735, 740, 385 S.E.2d 377, 380 (1989); Zahner v. Pathmark Stores, Inc., 729 A.2d 478, 479 (N.J. Super. Ct. 1999) (claimant need prove only "probably more true than not that the injury would have occurred during the time and place of employment rather than somewhere else").  In order to be compensable under the actual risk test, "the origin or cause of the injury" must be a risk connected with the employment.  "That risk must be an 'actual risk' of employment, not merely the risk of being injured while at work."  Taylor v. Mobil Corp., 248 Va. 101, 107, 444 S.E.2d 705, 708 (1994).  The actual risk test "'requires only that the employment expose the workman to a particular danger from which he was injured, notwithstanding the exposure of the public generally to like risks.'"  Olsten v. Leftwich, 230 Va. 317, 319, 336 S.E.2d 893, 894 (1985) (quoting Lucas v. Lucas, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972)).  "[A]n injury 'arises "out of" the employment, when there is apparent to the rational mind upon consideration

- 5 -

of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938) (citation omitted).

Royster Clark employed Bays as a salesman.  The employer required that Bays travel to meet with customers in the western and the southwestern part of Virginia and provided him a car for his travel.  Traveling in his automobile to call upon customers was a condition of work performed by Bays which exposed him to the risk of an accident each time he traveled.  Because Bays' employment exposed him to the danger that caused his injury, his injury by accident arose out of his employment.  See PYA/Monarch and Reliance Ins. Co. v. Harris, 22 Va. App. 215, 222-23, 468 S.E.2d 688, 691 (1996).  The injury that Bays suffered, a cervical vertebral fracture, was a result of the automobile colliding with a tree, a risk that was directly associated with his employment as a traveling salesman.

The employer argues, however, that it was Bays' diabetic condition that caused the accident, not a risk associated with his employment; thus, Bays' injuries are not compensable. However, for workers' compensation purposes, we are not so much concerned with the cause of an accident as we are with whether a causal relation exists between the injury and the employment. Although Bays' diabetic condition may have caused the accident,

- 6 -

the nature of Bays' employment, specifically the requirement that he routinely travel, contributed to the risk of injury by an automobile accident. Bays' injuries were not limited to those he might have suffered solely as a result of a diabetic blackout; the cervical vertebral fracture was a result of the automobile accident. As we explained in PYA/Monarch, "[w]hen an employee's injuries result from [a pre-existing personal disease of the employee] and no other factors intervene or operate to cause or contribute to the injuries sustained . . . , no award shall be made." 22 Va. App. at 222, 468 S.E.2d at 691. "However, 'the effects [an accident caused by a pre-existing condition or] idiopathic fall are compensable if the employment places the employee in a position increasing the dangerous effects of" the accident. Id. Because Bays' employment subjected him to the risk of injury by accident and increased the dangerous effects of the injury that he received, Bays' injury arose out of his employment.

Finally, the employer argues that our Supreme Court held in Immer & Company v. Brosnahan, 207 Va. 720, 152 S.E.2d 254 (1967), that before the effects of a pre-existing condition can be excused as having caused the accident, the condition must have occurred "suddenly and without expectation." The employer argues that Bays' diabetic episode occurred before he entered his vehicle and was not "suddenly and without expectation." We

do not find that the Supreme Court adopted such a requirement in Immer.  Although such language was included in a quote from a case cited with approval in Immer, 207 Va. at 727, 152 S.E.2d at 259; Tapp v. Tapp, 236 S.W.2d 977 (Tenn. 1951), the Court did not require that the pre-existing condition occur "suddenly and without expectation."  In fact, the Court, as we do here, focused upon whether "the employment places the employee in a position increasing the dangerous effects of such [an injury] . . . in a moving vehicle."  Immer, 207 Va. at 726, 152 S.E.2d at 258.

The commission did not err in its award of benefits; therefore, we affirm the decision.

                                              Affirmed.