**FILED**

**March 31, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:45 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Laury Navyac | ) Docket No. 2015-06-0677 |
| | ) |
| v. | ) |
| | ) State File No. 60024-2015 |
| Universal Health Services | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua Davis Baker, Judge | ) |

---

### Affirmed in Part, Reversed in Part, and Remanded – March 31, 2016

---

In this interlocutory appeal, the employee was injured while traveling to a work-related event at her employer's request. While en route to her destination, the employee made a brief stop at a fast food restaurant. As she was leaving the restaurant to return to her car, she slipped in water and fell, fracturing her ankle. The employer initially accepted the claim as compensable and authorized medical treatment, but later denied the claim. Following an expedited hearing, the trial court concluded the employee came forward with sufficient evidence to find she would likely prevail at a hearing on the merits in proving that the injury occurred in the course and scope of the employment, but determined there was insufficient evidence that the accident arose primarily out of the employment. Having carefully reviewed the record, we affirm in part, reverse in part, and remand the case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

William B. Hicky, Nashville, Tennessee, for the employee-appellant, Laury Navyac

Gregory H. Fuller, Brentwood, Tennessee, for the employer-appellee, Universal Health Services

**Factual and Procedural Background**

The facts of this case are largely undisputed.[1] Laury Navyac ("Employee"), a resident of Davidson County, Tennessee, worked as an assistant accounts receivable manager for Universal Health Services ("Employer"). On July 28, 2015, Employee was traveling from her home in Davidson County to a client's location in Waverly, Tennessee, to train the client's personnel on the use of Employer's software. While en route, Employee stopped at a fast food restaurant to use the restroom facility and purchase breakfast. As she was exiting the restaurant to return to her car, she slipped on a wet floor and fell. Although she was not aware of the extent of her injury at the time, she was subsequently diagnosed with a fractured right ankle. Nevertheless, she was able to continue her trip and completed the training session.

Employer initially accepted Employee's claim for workers' compensation benefits and authorized certain medical treatment. The initial physician, Dr. William Dutton, referred Employee to an osteopathic physician, Dr. David West, who recommended surgery. Approximately ten days after the accident, Employer notified Employee that her claim was denied. Employee was then referred by her primary care physician to Dr. Daniel Phillips, who performed the surgery on August 17, 2015.

Employee filed a petition for benefit determination. Following unsuccessful mediation efforts, a dispute certification notice was issued that identified several disputes, including: (1) whether the injury arose primarily out of and in the course and scope of employment; (2) whether past medical expenses were owed; (3) whether Employee was entitled to additional medical care; and (4) whether Employee was entitled to past or future temporary disability benefits.

Employee filed a request for expedited hearing.[2] Following an in-person evidentiary hearing on January 27, 2016, the trial court issued an Expedited Hearing Order Denying Medical Benefits. The trial court reasoned that, although Employee had proven her injury occurred in the course and scope of employment, she had not come forward with sufficient evidence to establish that her injury arose primarily out of the employment. Employee has appealed.

---

[1] Since neither party chose to file a transcript of the expedited hearing or a statement of the evidence, we have gleaned the facts from the technical record, exhibits, and the trial court's expedited hearing order.

[2] Employee initially sought a ruling based on a review of the file without an evidentiary hearing. The trial court conducted an evidentiary hearing, but the record is silent regarding the basis for that decision.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

    (A)    Violate constitutional or statutory provisions;

    (B)    Exceed the statutory authority of the workers' compensation judge;

    (C)    Do not comply with lawful procedure;

    (D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;

    (E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

### *Motion to Dismiss Appeal*

As a preliminary matter, we address a motion filed by Employer to dismiss the appeal. Employer argues that "Employee has failed to perfect her appeal" because she did not file a transcript of the expedited hearing or a statement of the evidence.[3] While we agree that a transcript or a statement of the evidence is an important element of a record on appeal and aids in meaningful appellate review, *see, e.g., Quinn v. SMX.*, No. 2015-06-0025, 2015 TN Wrk. Comp. App. Bd. LEXIS 25, at *7-9 (Tenn. Workers' Comp. App. Bd. Aug. 20, 2015), we do not agree that the failure to file a transcript or statement of the evidence is fatal to an appeal of an interlocutory order so as to require its dismissal. In fact, the pertinent regulations are clear that both the filing of a transcript and the filing of a statement of the evidence are permissive, not mandatory. Tenn. Comp.

---

[3] "The parties, having the responsibility of ensuring a complete and accurate record on appeal, may have a transcript of the proceedings in the Court of Workers' Compensation Claims prepared by a licensed court reporter. Any such transcript shall be filed with the Clerk of the Court of Workers' Compensation Claims within ten (10) calendar days of the filing of the notice of appeal. Alternatively, the parties may file with the Clerk of the Court of Workers' Compensation Claims a joint statement of the evidence within ten (10) calendar days of the filing of the notice of appeal." Appeals Board Prac. & Proc. § 3.4 (2015).

R. & Regs. 0800-02-22-.02(2) (2015) expressly states that a party "*may* have a transcript prepared," or "*may* file a statement of the evidence." (Emphasis added).

We have observed in previous cases that our ability to conduct meaningful appellate review is significantly hindered by the failure of a party to file a transcript of the hearing or a statement of the evidence. *See, e.g., Hardin v. Dewayne's Quality Metals*, No. 2015-07-0067, 2015 TN Wrk. Comp. App. Bd. LEXIS 45, at *3-4 (Tenn. Workers' Comp. App. Bd. Nov. 18, 2015); *Payne v. D and D Electric Co.*, No. 2014-01-0023, 2014 TN Wrk. Comp. App. Bd. LEXIS 6, at *5-7 (Tenn. Workers' Comp. App. Bd. Dec. 17, 2014). This is especially true in cases where material facts are in dispute or where the credibility of one or more parties or witnesses is at issue. However, at this point, we will not go so far as to conclude that dismissal of an appeal is required when the appellant chooses not to file (or neglects to file) a transcript of the hearing or a statement of the evidence. Instead, and in accordance with established precedent,[4] we will presume that the trial court's factual rulings were supported by sufficient evidence when no transcript of the hearing or statement of the evidence has been provided. *Id.*

Next, Employer argues that Employee's failure to file a transcript of the hearing or a statement of the evidence "deprives the Appellee of an evidentiary record to cite in support of its position." This argument, too, is without merit. The Appeals Board's Practices and Procedures state that any party may choose to file a transcript of the hearing or propose a joint statement of the evidence. Appeals Board Prac. & Proc. § 3.4 (2015). If Employer believed a transcript of the hearing or statement of the evidence was needed to support its position on appeal, it could have elected to submit either one.

In the present case, Employee timely filed her notice of appeal and, as a result, properly perfected her appeal.[5] We therefore deny Employer's motion to dismiss the appeal.

Before leaving this issue, we note that Employee asserts she cannot afford to file a transcript and, therefore, "is compelled to submit this Brief by solely relying on the facts determined by the trial court." Employee's assumption that she would have been

---

[4] *See, e.g., Reid v. Reid*, 388 S.W.3d 292, 294 (Tenn. Ct. App. 2012) ("Without a complete record or sufficient statement of the evidence from which to determine whether the trial court acted appropriately, we must assume the sufficiency of the evidence to support the judgment.") (internal quotation marks omitted).

[5] In its Motion to Dismiss, Employer cites Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(a) concerning the time within which a notice of appeal must be filed as a basis for dismissal of the appeal. Employee's notice of appeal was filed on the fifth business day following issuance of the expedited hearing order, well within the time limit. Thus, to the extent Employer's motion to dismiss raises the timeliness of the notice of appeal as a basis for dismissal, we find the issue to be without merit.

4

required to incur expense is simply incorrect. As explained above, parties have the option of filing a transcript of the hearing, *or* a statement of the evidence, *or* neither. Filing a statement of the evidence would have cost Employee nothing.

*Course and Scope of Employment*

Prior to the Workers' Compensation Reform Act of 2013, the workers' compensation law provided that a compensable work injury must be one "arising out of and in the course of employment." Tenn. Code Ann. § 50-6-102(12) (2012). This statutory language persisted for many years and was interpreted by the Tennessee Supreme Court on numerous occasions.[6] For example, in *Hubble v. Dyer Nursing Home*, 188 S.W.3d 525 (Tenn. 2006), the Tennessee Supreme Court explained as follows:

> The phrase "arising out of" refers to cause or origin and "in the course of" refers to time, place and circumstances. *Hill v. Eagle Bend Mfg., Inc.*, 942 S.W.2d 483, 487 (Tenn. 1997). An injury arises out of the employment when "there is a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Blankenship [v. Am. Ordnance Sys., LLC]*, 164 S.W.3d [350], 354 [(Tenn. 2005)] (citing *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005)). An injury occurs in the course of employment if "it takes place within the period of the employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto." *Blankenship*, 164 S.W.3d at 354 (citation omitted).

*Id.* at 534. Moreover, when discussing the "course of employment" requirement, pre-reform precedent from the Supreme Court included the word "scope" at times. *See, e.g.*, *Valencia v. Freeland & Lemm Constr. Co.*, 108 S.W.3d 239, 241 (Tenn. 2003) ("[T]he provisions of the workers' compensation statute are the exclusive remedy for employees to obtain relief from employers for injuries occurring in the course *and scope* of employment.") (emphasis added); *Orman v. Williams-Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991) ("Generally, an injury arises out of and in the course *and scope* of employment if it has a rational connection to the work and occurs while the employee is engaged in the duties of his employment.") (emphasis added).

---

[6] Professor Larson has commented that "[f]ew groups of statutory words in the history of law have had to bear the weight of such a mountain of interpretation as has been heaped upon this slender foundation." Lex K. Larson and Arthur Larson, Workers' Compensation Law: Cases, Materials, and Text § 3.01 (5th ed. 2014).

With the passage of the 2013 Reform Act, the general assembly amended the definition of the word "injury" to include the requirement that the injury arise "primarily out of and in the course *and scope* of employment." Tenn. Code Ann. § 50-6-102(14) (emphasis added). Thus, the question arises whether the addition of the phrase "and scope" by the general assembly changed the traditional analysis or merely codified language used by the Supreme Court in past cases to explain these concepts.

Employer argues that the traditional two-prong analysis of "arising out of" and "in the course of" employment has been expanded to a three-prong test, with the third prong being "in the scope of" employment. Employer insists that "all three elements must be satisfied for an employee to have a compensable injury." Employer further argues that "this Court should presume that the General Assembly purposefully altered the second half of the definition with the addition of the 'course and scope' language." We respectfully disagree.

First, Employer argues that "the term 'scope of employment' has not been defined under the new workers' compensation statutes." However, the amended statute expressly states that the phrase "arises primarily out of and in the course and scope of employment" is satisfied "only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2015). Thus, while the legislature did not specifically define the word "scope," the phrase in which it appears *is* included in the definition of "injury" and is explained in subsection 102(14)(B). In our view, the addition of the words "and scope" more fully explains the "time, place and circumstances" analysis traditionally employed by courts in considering the "course of employment" requirement.[7]

Second, most courts have traditionally divided the "work connection" analysis into two parts, both of which are intended to address the same question: whether the injury has a rational connection to the employee's work activities. Larson at § 3.01. "[I]t should never be forgotten that the basic concept of compensation coverage is unitary, not dual, and is best expressed in the term 'work connection.'" *Id.* In addition, this concept has been recognized by the Tennessee Supreme Court. In *Hubble*, for example, the Court explained that "both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Hubble*, 188 S.W.3d at 533.

Finally, by more fully explaining the meaning of the entire phrase "arising primarily out of and in the course and scope of employment" in subsection 102(14)(B),

---

[7] The Tennessee Court of Appeals analyzed the meaning of "scope of employment" in *Holder v. Shelby County*, No. W2014-01910-COA-R3-CV, 2015 Tenn. App. LEXIS 228, at *17-19 (Tenn. Ct. App. Apr. 21, 2015).

the general assembly adopted the same "unitary" philosophy expressed by both the Tennessee Supreme Court in *Hubble* and Professor Larson in his treatise, indicating its intent to focus the analysis on whether an employee's work activities more likely than not caused the accident. Therefore, we find that while a trial court can consider the meaning and impact of each term in the definition of "injury" in any given case, the legislature has mandated that the phrase "arises primarily out of and in the course and scope of employment" is satisfied if the trial court determines that "it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). The three-pronged test suggested by Employer adds an element of rigidity that is simply not supported by the plain language of the statute.

In the present case, the trial court concluded that Employee was engaged in a "special errand" on behalf of Employer at the time of her fall and, therefore, her accident occurred in the course of her employment. *See Hubble*, 188 S.W.3d at 534. The trial court further determined that her "brief deviation" from her route to use restroom facilities and purchase food "did not remove her from the course of her employment." Finally, the trial court concluded that Employee's brief stop was within the scope of her employment, since restroom breaks are an integral part of work and it was foreseeable on the part of Employer that Employee would take such breaks while performing her work duties. In our view, each of these determinations supports a finding that the employment contributed more than fifty percent in causing Employee's injury, considering all causes. Thus, we affirm this aspect of the trial court's decision.

*Arising Out of Employment*

While we agree with the trial court's determination regarding the course and scope of employment, we respectfully disagree with its conclusion that Employee failed to come forward with sufficient evidence from which it could determine she is likely to prevail at a hearing on the merits with respect to whether her injury arose primarily out of her employment. The trial court reasoned that "although her stop . . . occurred within the course and scope of her employment, it was the wet . . . floor, rather than her mere presence in the restaurant, that contributed more than fifty percent in causing her to slip and fall." The trial court's conclusion presupposes that a third party's negligence or fault in causing an employee's injury can insulate an employer from workers' compensation liability. Such an interpretation is contrary to the plain language of the statute and a long line of cases.

In *Tapp v. Tapp*, 236 S.W.2d 977 (Tenn. 1951), the employee was involved in a motor vehicle accident that occurred in the course of employment. *Id.* at 978. The disputed issue was whether the accident arose out of employment. *Id.* In discussing the "arising out of" requirement, the Supreme Court explained, "[i]t cannot be denied that the burden rests upon the employee to show a causal connection between his injury and his

7

employment. *But by 'causal connection' is meant not proximate cause as used in the law of negligence, but cause in the sense that the accident had its origin in the hazards to which the employment exposed the employee while doing his work."* *Id.* at 979 (emphasis added). *See also Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987).

Moreover, the general assembly long ago addressed this concept in Tennessee Code Annotated section 50-6-112, which states as follows:

> When the injury or death for which compensation is payable under this chapter was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker . . . *shall have the right to take compensation under this chapter,* and the injured worker . . . may pursue the injured worker's . . . remedy by proper action in a court of competent jurisdiction against the other person.

Tenn. Code Ann. § 50-6-112(a) (2015) (emphasis added).[8] Thus, in evaluating whether an injured worker's accident arose out of employment, the critical question is not whether a third party's fault or negligence "caused" the injury as that term is applied in a tort setting, but whether the employment more likely than not caused the accident in the sense that the accident had its origin in hazards to which the employee was exposed by reason of the employment. Such an analysis, when coupled with the "course and scope" analysis discussed above, is a necessary element in deciding whether the employment contributed more than fifty percent in causing the injury, considering all causes.

In the present case, the proof was unrefuted that Employee was compensated by Employer for her travel time and was traveling at Employer's request when she was injured. *See Hubble,* 188 S.W.3d at 534-35. Moreover, Employee submitted medical evidence indicating her ankle injury was caused by her fall at the restaurant in the form of Dr. Dutton's July 30, 2015 report and Dr. Phillips' August 12, 2015 report. Thus, contrary to the trial court's determination, we find there was sufficient proof that Employee's injury arose primarily from a hazard to which she was exposed as a direct result of her employment. Therefore, when considering the totality of the record, we find the preponderance of the evidence supports a conclusion that Employee is likely to prevail at a hearing on the merits in proving that her employment contributed more than fifty percent in causing her injury, considering all causes.

---

[8] The statute establishes the employer's right to a subrogation lien or credit against an employee's net recovery in a tort suit to prevent a double recovery. *See* Tenn. Code Ann. § 50-6-112(c) (2015).

## Conclusion

For the foregoing reasons, we affirm the decision of the trial court with respect to its determination that Employee's injury occurred in the course and scope of employment. We reverse the decision of the trial court to the extent the court found Employee was unlikely to prove at a hearing on the merits that her injury arose primarily out of the employment. The case is remanded to the trial court for any further proceedings as may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

9

**FILED**

**March 31, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:45 P.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Laury Navyac | ) | Docket No. 2015-06-0677 |
| | ) | |
| v. | ) | |
| | ) | State File No. 60024-2015 |
| Universal Health Services | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of March, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| William B. Hicky | | | | | X | will@hickylaw.com |
| Gregory H. Fuller | | | | | X | ghfuller@mijs.com |
| Joshua Davis Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |



Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov