MARGARET Y. WILLIAMS

*v.*

PREFERRED DEVELOPMENT CORPORATION.

452 S.W.2d 344.

(*Knoxville,* September Term, 1969.)

Opinion filed March 2, 1970.

OGLE & OGLE, Sevierville, for appellee.

PAUL E. PARKER, O'NEIL, PARKER, WILLIAMSON & JARVIS, Knoxville, of counsel, for appellant.

Mr. Justice McCanless delivered the opinion of the Court.

Mrs. Margaret Y. Williams sued Preferred Development Corporation, developer of a resort on English Mountain in Sevier County, to recover benefits under the Workmen's Compensation Law for the death of her husband, Fletcher E. Williams, Sr., who was killed by a shot from a .22 calibre magnum gun on June 9, 1967.

Williams, Holtsclaw, and Clint Huff all were employed by the defendant and the duties of the deceased required him to be on the project at night, and the defendant provided living quarters in a building also used as the project office. On the evening he was killed Williams, Holtsclaw, and Huff prepared a supper at the house in which Huff was staying and after the supper Huff drove the others to the office building. Holtsclaw's wife and young son had arrived from Cleveland to spend the weekend with him, and Mrs. Holtsclaw testified that after the family had gone to bed a whippoorwill disturbed her husband and, expressing irritation at the noise, and taking a miner's helmet equipped with an electric lamp and his gun, he said he was going to ''get'' the whippoorwill; that he went into the room that Williams occupied and that she heard a report and when she went into William's room she found him fatally shot. Holtsclaw was not a witness and his whereabouts was not known at the time of the trial. Mrs. Holtsclaw was the only person who gave evidence about the shooting, and although she heard

she did not see the shot fired. There is an element of mystery about the occurrence but the Circuit Judge found that the shooting was accidental and his finding is supported by substantial evidence.

Thus we find that the deceased was killed when and where his employment required him to be by a shot fired accidentally by a fellow worker. The question is whether the accidental death of the deceased was one "arising out of and in the course of employment" and thus compensable.

In *Shubert v. Steelman,* 214 Tenn. 102, 377 S.W.2d 940, the Court, in an opinion by Mr. Justice Felts, said:

"So we think the Trial Judge could reasonably find from all the circumstances that Steelman was there undertaking to find a place for a 'skidway'; and that the death resulted from an accident 'arising out of and in the course of employment,' within the meaning of our Workmen's Compensation Act (T.C.A. sec. 50-902(d)).

"Here, 'in the course of' refers to time and place, and 'arising out of,' to cause or origin; and an injury by accident to an employee is 'in the course of' employment if it happened while he was doing a duty he was employed to do; and it is an injury 'arising out of' employment if caused by a hazard incident to such employment. *Hendrix v. Franklin State Bank,* 154 Tenn. 287, 289-290, 290 S.W. 30; *Mayor and Aldermen of Town of Tullahoma v. Ward,* 173 Tenn. 91, 98-99, 114 S.W.2d 804; *Tapp v. Tapp,* 192 Tenn. 1, 236 S.W.2d 977; *McAdams v. Canale,* 200 Tenn. 655, 294 S.W.2d

696; *White v. Whiteway Pharmacy, Inc.*, 210 Tenn. 449, 455, 360 S.W.2d 12.

"This Act is remedial and is to be liberally construed in favor of those entitled to its benefits (T.C.A. sec. 50-918), and any reasonable doubt as to whether an injury arose out of and in the course of employment is to be resolved in favor of the employee or his dependents. *Tapp v. Tapp*, supra; *General Accident Fire & Life Assur. Corp., Ltd., v. Kirkland*, 210 Tenn. 39, 48, 356 S.W.2d 283.

"Also, it is well settled that in such a case the Trial Judge's finding of fact, if supported by any material evidence, will not be disturbed even though the evidence preponderates against it; and that a finding so supported is not open to review by this Court. *Clendening v. London Assurance Co.*, 206 Tenn. 601, 606, 336 S.W. 2d 535; *Brady v. Reed*, 186 Tenn. 556, 563, 212 S.W.2d 378; *Vester Gas Range & Mfg. Co. v. Leonard*, 148 Tenn. 665, 257 S.W. 395; *White v. Whiteway Pharmacy, Inc.*, supra."

The facts of this case are distinguishable from those in *Knox v. Batson*, 217 Tenn. 620, 399 S.W.2d 765, in which recovery was denied in the case of employees who were asphyxiated in a motel room. There the employment was suspended for the night and the employees stopped at the motel because they chose to do so and not because they were required by their employment to stop there.

The facts in *Carmichael v. J. C. Mahan Motor Co.*, 157 Tenn. 613, 11 S.W.2d 672, are similar to those of the case now before us. The petitioner was a porter or janitor in

the defendant's garage. A customer brought her automobile to the establishment to have it repaired and left three small boys there while she went elsewhere in the city to attend to some business. During her absence the boys climbd to the mezzanine floor and one of them shot the petitioner with an air rifle, with the result that he lost the sight of an eye. The Court said:

"* * * The employee, while at his post of duty, going about his employer's business, was struck by a missile from an air rifle in the hands of children, guests of the employer who were impliedly invited to the premises and permitted to remain there.

"It is alleged in the petition that the employer had notice prior to the accident that these children, upon visiting the garage, threw missiles about the premises and in some instances at employees other than petitioner. The petitioner's place in the garage involved exposure to the risk of injury from the wrongful or negligent acts of all who passed in or out, or who were permitted to remain on the premises. He was injured because he was in the garage engaged in the duty assigned to him under his contract of employment, and the injury was the result of conditions inseparably connected with the public service given by the petitioner's employer to its patrons. Under such conditions, the injury may be fairly traced to the employment as the contributing proximate cause."

In this case the deceased was where his employment required him to be at a time it required him to be there. His duty and that of Holtsclaw, among other things, required them to protect the property. It was reasonable to

assume that firearms would be available to them and, when a gun discharged and accidentally killed the deceased, his death must be held to have arisen from the employment as well as having occurred during its course.

The Judgment of the Circuit Court is affirmed at the cost of the defendant.

DYER, CHIEF JUSTICE, CRESON, HUMPHREYS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.