**Douglas W. TUCKER, Plaintiff–Appellant,**

v.

**ACME BOOT COMPANY, INC., and the TRA, Defendants–Appellees.**

Supreme Court of Tennessee, at Nashville.

July 7, 1993.

Reed, Jr.

Riley C. Darnell, Paul Welker, Steve R. Darnell, Clarksville, for appellant.

Richard H. Batson, Robert J. Martin, Daniel, Harvill, Batson & Nolan, Clarksville, for appellee.

## ORDER

### PER CURIAM.

This case is before the Court upon motion for review pursuant to T.C.A. § 50-6-225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference:

Whereupon, it appears to the Court that the motion for review is not well-taken and should be denied.

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court. The Panel's Opinion shall be published.

IN THE SUPREME COURT OF TENNESSEE SPECIAL WORKERS' COMPENSATION APPEALS PANEL AT NASHVILLE

May 14, 1993

*Members of Panel:*

Frank F. DROWOTA, III, Associate Justice, Supreme Court, SWIGGART and JOE C. LOSER, Jr., Retired Judges.

## MEMORANDUM OPINION

JOE C. LOSER, Jr., Retired Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn.Code Ann. § 50-6-225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law.

In this case, the employee questions the trial court's finding that his injury was not one arising out of and in the course of his employment and the consequent dismissal of his claim. The Panel finds that the judgment of the trial court should be affirmed.

The facts are not seriously disputed. The employee, Douglas W. Tucker, was employed by the employer, Acme Boot Company, Inc. (Acme), whose insurer is Travelers Insurance Company, as an outsole stitcher at its Clarksville footwear manufacturing plant. He was injured while playing softball at Edith Pettus Park, a city park located off Acme's premises, while participating on a Church League team on Friday night, July 14, 1989, during his nonworking hours. The team was organized and initiated by another Acme employee in order to fill out the league and facilitate scheduling.

The employee was not required to participate on the team but did so voluntarily. Acme paid the team's league entry fee and a lighting fee for practices. Acme also provided balls, bats and shirts displaying the Acme logo. As part of its wellness program, Acme awarded "aerobic bucks" to participating employees. Aerobic bucks could be exchanged for prizes such as bags, caps and jackets. Acme also provided each member of the team with a jersey bearing the employer's trademark on the chest and a number on the back, although it did not expressly sponsor the team. The employer has a history of sponsoring golf teams, basketball teams and softball teams as part of its involvement and participation in community activities.

The employee argues that prior decisions of the Supreme Court, particularly *Fuqua v. Yamaha Sports Center, Inc.* (unpublished 1977) and *Ward v. Mid–South Home Service*, 769 S.W.2d 486 (Tenn.1989), support his claim of compensability for his injury. In *Fuqua*, an employee of a motorcycle dealer was killed while testing a motorcycle borrowed from his employer for his personal use. Benefits were denied as not falling within one of the prongs of a three-prong test delineated by § 22 of Larson, *The Law of Workmen's Compensation*. In *Ward*, an employee was injured while playing basketball with fellow employees during a lunch period. The Supreme Court again denied benefits to the employee because playing basketball was not a regular incident of employment.

■ Professor Larson's test which the Panel recommends that Tennessee adopt, is that "recreational or social activities are within the course of employment when (1) they occur on the premises during a lunch or recreational period as a regular incident of the employment, or (2) the employer, by expressly or impliedly requiring participation, or by making the activity part of the services of the employee, brings the activity within the orbit of the employment, or (3) the employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life."

The Trial Judge found that participation on the softball team was not a regular incident of employment, that the benefit derived by the employer was no greater than the benefit of playing golf on the weekend or "me going 'coon hunting," and "this case is just not covered. We just can't carry workmen's compensation this far.... And just stretching [coverage] this far would just discourage companies from participation in things that are necessary in the community...."

Appellate review is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings of fact, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2).

## FINDINGS AND CONCLUSIONS

■ It is clear that the first two parts of Larson's test fail to provide coverage because (1) the injury did not occur on the employer's premises during a lunch or recreational period as a regular incident of employment and (2) the employer did not bring the activity into the orbit of employment by requiring participation, or by making the activity part of the services of the employee.

The Panel further finds that, for the reasons given by the Trial Judge, the third part of Larson's test does not provide coverage. Larson has suggested that as in other nonworking injuries there must be some time and space limitations fixing the area within which the "benefit [from the activity] establishes work-connection, the recreation cases must submit to some similar limitation, since otherwise there is no stopping point which can be defined short of complete coverage of all the employee's refreshing social and recreational activities," including those noted by the Trial Judge. The majority view seems to be that such morale and efficiency benefits are not enough to bring recreation within the course of employment. *See Larson, supra,* at § 22.30.

The Panel is persuaded that the conclusion we have reached is consistent with the settled rule in our state that an injury is compensable only if it arises out of and in the course of the injured worker's employment, and that an injury is "in the course of" the employment if it occurs while an employee is performing a duty he was employed to do. *Williams v. Preferred Development Corp.,* 224 Tenn. 174, 452 S.W.2d 344 (1970).

Accordingly, the judgment of the trial court is affirmed. Costs on appeal are taxed to the Plaintiff and his surety.

DROWOTA, J., and JAMES M. SWIGGART, Retired Judge, concur.