**FILED**
**Nov 22, 2019**
**02:56 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **RONDA A. CAMPBELL,** | ) | **Docket No. 2019-05-0540** |
| **Employee,** | ) | |
| **v.** | ) | |
| **MARTEN TRANSPORT, LLC,** | ) | **State File No. 32087-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **AGRI GENERAL INS. CO.,** | ) | **Judge Dale Tipps** |
| **Insurance Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This case came before the Court on November 14, 2019, for an Expedited Hearing on whether Ms. Campbell is entitled to benefits. To receive these benefits, Ms. Campbell must show that she is likely to establish at a hearing on the merits that her injuries arose primarily out of and in the course and scope of her employment. For the reasons below, the Court holds Ms. Campbell failed to meet this burden because her injury occurred during a deviation from her employment. Therefore, the Court holds that she is not entitled to benefits at this time.

## History of Claim

Ms. Campbell works as a truck driver for Marten Transport, a company that provides trucking services for Walmart in Tennessee. She testified that she drove a regular route from the Walmart distribution center in Shelbyville to a store near Dayton, with several deliveries along the way.

On the morning of April 23, 2019, Ms. Campbell had completed her deliveries and was returning to Shelbyville, when she decided to stop at the At Home store in Chattanooga to buy a gift for her mother.[1] The store was closed when she arrived, so she parked her truck and went into her sleeper compartment to rest until the store opened.

---

[1] Ms. Campbell contended that she had permission from her dispatcher to make this stop, but Marten denied that she asked for or received permission.

While Ms. Campbell slept, a tow-truck operator hooked onto the cab of her truck and raised the front of it off the ground.[2] He then pounded on the door to wake her up. Ms. Campbell was still groggy when she opened the door and did not realize the cab had been elevated. As a result, she fell to the ground and injured her head, shoulder, and left wrist.

Ms. Campbell made her purchase, drove the truck back to Shelbyville, and reported the accident to Michael Ternberg, Marten's workers' compensation claim representative. He instructed Ms. Campbell to go to a walk-in clinic. Four clinics refused to treat her, so she went to the emergency room where she discovered she had broken her wrist. Ms. Campbell began treating with Dr. Brian Peterson, an orthopedic specialist. That treatment was unauthorized, however, and Marten denied her claim on May 2.

On cross-examination, Ms. Campbell admitted Marten required her to follow a specific route from Dayton to Shelbyville. She agreed that Exhibit 12 was a map that accurately depicted her prescribed return route.

Mr. Ternberg testified he denied Ms. Campbell's claim because she deviated from her job duties to perform a personal errand.[3]

Ms. Campbell requested that the Court order Marten to pay her medical expenses and to reimburse her for the bills she paid personally. She also requested temporary disability benefits.

Marten contended that Ms. Campbell was not entitled to benefits because: 1) the Court lacks jurisdiction; 2) she knowingly and voluntarily sought or accepted benefits in another state; and, 3) her injury did not arise primarily out of and in the course and scope of her employment because she deviated from her route. Marten asked the Court to deny her request.

## Findings of Fact and Conclusions of Law

Ms. Campbell must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

---

[2] The parking lot was posted, "No Truck Parking."

[3] Both parties introduced a great deal of evidence about Qualcom – the electronic communications system by which Marten communicates with its drivers and tracks their movements. Similarly, the Court heard evidence about whether Ms. Campbell was legally parked at the time of the accident and whether she complied with Marten's safety policies in the way she exited her truck. Because the Court finds Ms. Campbell distinctly departed from her work duties, it need not summarize this testimony.

*Forum-Selection Clause*

Marten first contended that the Court has no jurisdiction because Ms. Campbell consented to the exclusive jurisdiction of Wisconsin workers' compensation law as a condition precedent to her employment. It argued this constitutes a reasonable forum-selection clause and that these clauses are generally enforceable in Tennessee. The Court disagrees and finds that, as a matter of law, the alleged forum-selection clause is invalid.[4]

Tennessee Code Annotated section 50-6-114(a) provides: "No contract or agreement, written or implied, or rule, regulation or other device, shall in any manner operate to relieve any employer, in whole or in part, of any obligation created by this chapter[.]" Ms. Campbell and Marten meet the statutory definitions of employee and employer in Tennessee Code Annotated section 50-6-102, and Ms. Campbell alleged she suffered injuries in Tennessee while performing her employment duties for Marten. These facts entitle her to seek benefits under the Tennessee Workers' Compensation Law. To the extent Marten's forum-selection clause purports to relieve Marten of the obligation to provide Tennessee workers' compensation benefits, it is void. *See Fred Travis v Carter Express*, 2018 TN Wrk. Comp. App. Bd. LEXIS 67, at 17-18 (Dec. 21, 2018) (prospective forum-selection clauses are void as against public policy and are invalid under section 50-6-114(a)).

*Election of Remedies*

An employee can waive her right to pursue workers' compensation benefits under Tennessee law where the employee elects to pursue benefits under the laws of another state. To make this election, the employee must have: "(a) affirmatively acted to obtain benefits in another state; or (b) knowingly and voluntarily accepted benefits under the law of another state." However, the "mere acceptance of benefits" under the laws of another state, without proof that it was a knowing and voluntary acceptance, is insufficient to show a binding election of remedies. *Goodwin v. Morristown Driver's Servs., Inc.,* 2019 TN Wrk. Comp. App. Bd. LEXIS 37, at *9 (July 31, 2019).

In this case, no proof demonstrates that Ms. Campbell affirmatively acted to obtain benefits in Wisconsin. To the contrary, Mr. Ternberg testified that he alone made the decision to deny Ms. Campbell's claim and that no Wisconsin state agency or court was involved. Thus, Ms. Campbell did not waive her right to Tennessee Workers' Compensation benefits under the first part of the election analysis.

Regarding the second part, Marten contends that Ms. Campbell admitted she

---

[4] It is unclear whether the provision at issue is a forum-selection clause or if it is really a choice of law provision. The Court finds it need not make this determination, as either type of agreement is void.

knowingly and voluntarily accepted benefits under the law of another state. It relies on Ms. Campbell's recorded statement, where she agreed with Mr. Ternberg's question, "Do you understand this claim is being handled under the state of Wisconsin Workers' Compensation Act and in the state of Wisconsin?" Marten also notes that Ms. Campbell's Petition for Benefit Determination states "Claim denied on 2 May 2019 via phone call from Mike Ternberg. Want to appeal decision / file new claim in TN where I work/live."

A threshold problem with Marten's argument is that it requires Ms. Campbell to accept benefits. This she could not do, as Marten denied her claim without ever providing any medical treatment or temporary disability benefits.

More importantly, an employee who receives voluntarily-paid benefits does not make a binding election "if benefits were received and accepted by the employee without knowledge on his part that he could have made a claim in Tennessee, or without the degree of knowledge which is required in order for a binding election to be made." *Hale v. Commercial Union Assurance Cos.*, 637 S.W.2d 865, 869-870 (Tenn. 1982). No evidence suggests that Ms. Campbell knew she could make a claim in Tennessee until she did so. Nor does any proof indicate that she had the degree of knowledge required to make a knowing, intentional election. Instead, Marten simply informed her (incorrectly) that her claim was being handled under Wisconsin law. The Court finds this practice both questionable and inadequate to constitute an election of remedies.

*Compensability*

To prove a compensable injury, Ms. Campbell must show that her alleged injury arose primarily out of and in the course and scope of her employment. Marten did not dispute that Ms. Campbell injured herself while exiting her truck. However, it contended that she was not in the course and scope of her employment at the time.

A traveling employee is generally considered to be in the course of employment continuously during the duration of the entire trip, except when there is a distinct departure on a personal errand. *McCann v. Hatchett*, 19 S.W.3d 218, 221 (Tenn. 2000). The parties agree that Ms. Campbell was a traveling employee. The question, therefore, is whether her trip to At Home constituted a distinct departure on a personal errand. The Court finds that it did.

The Court recognizes that the physical deviation from her route was not geographically significant (approximately five miles), but it was a distinct departure.[5]

---

[5] Ms. Campbell disagreed that she deviated as much as five miles from her route, arguing that the parking lot was actually right next to I-24. She is correct about the location of the parking lot, but according to the map showing her route, she was not yet supposed to be on I-24.

4

Further, the nature of the deviation seems more important than the distance traveled.

Ms. Campbell correctly argued that some acts of comfort and convenience, such as bathroom breaks or meal stops, are incidental to the employment. These contribute to the furtherance of an employer's interest, and injuries that occur during such stops are deemed to have arisen out of the employment. *See McCormick v. Aabakus, Inc.*, 101 S.W.3d 60, 63 (Tenn. Workers' Comp. Panel Oct. 5, 2000). However, she admitted that the sole reason for this stop was to purchase a gift, not for food, fuel, or a bathroom break. Ms. Campbell's decision to leave her route and park her truck was based on purely personal considerations. This differs fundamentally from a comfort stop, in that it provided no benefit to Marten. Therefore, it represents a distinct departure on a personal errand.

Ms. Campbell contended that she had Marten's permission to make the stop. Even if this were true, the Court is unaware of any authority that granting permission for a departure changes the analysis set out in *McCann*. Instead, it seems the focus should remain on the question of whether Ms. Campbell's deviation from her route provided any benefit to Marten. Absent any proof of a benefit, the Court cannot find at this time that she is likely to prevail on proving that her injury arose out of the course and scope of her employment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Campbell's claims against Marten Transport for the requested medical and temporary disability benefits are denied at this time.

2. This case is set for a Scheduling Hearing on January 29, 2020, at 9:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED November 22, 2019.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Affidavit of Ronda Campbell
2. Records from Tennova Healthcare
3. Records from Tennova Ortho
4. Wage statement
5. August 23, 2019 payroll printout
6. View Load document
7. Tennova accounts receivable printout (Identification Only)
8. Medical payment receipts and summaries (Identification Only)
9. Satellite photo of At Home parking lot
10. Petition for Benefit Determination
11. Driver Log
12. Google map printout of return route
13. Google map printout of return route and detour to At Home
14. Invoice from Mostler's Towing
15. Investigation notes
16. Transcript of Ronda Campbell's recorded statement
17. Qualcom printout

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on November 22, 2019.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Ronda Campbell, Self-represented Employee | | X | Fields1961@yahoo.com |
| Robin Rasmussen, Employer Attorney | | X | rrasmussen@drmlawmemphis.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental   $ _____ per month

Groceries     $ _____ per month      Telephone     $ _____ per month

Electricity     $ _____ per month      School Supplies $ _____ per month

Water     $ _____ per month      Clothing     $ _____ per month

Gas     $ _____ per month      Child Care     $ _____ per month

Transportation   $ _____ per month      Child Support    $ _____ per month

Car     $ _____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                        RDA 11082