**FILED**
**Jun 29, 2020**
**08:57 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **RONDA A. CAMPBELL,** | ) | **Docket No. 2019-05-0540** |
| **Employee,** | ) | |
| **v.** | ) | |
| **MARTEN TRANSPORT, LLC,** | ) | **State File No. 32087-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **AGRI GENERAL INS. CO.,** | ) | **Judge Dale Tipps** |
| **Insurance Carrier.** | ) | |

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

This case came before the Court on Marten Transport's Motion for Summary Judgment. The central issue is whether Marten is entitled to summary judgment on grounds that Ms. Campbell failed to present sufficient evidence that her injury arose in the course and scope of her employment. For the reasons below, the Court holds Marten is entitled to summary judgment.

### Procedural History

Ms. Campbell works as a truck driver for Marten. On April 23, 2019, Ms. Campbell had completed her deliveries and stopped at a store in Chattanooga to buy her mother a gift. The store had not opened yet, so Ms. Campbell went into her sleeper compartment to rest. While Ms. Campbell slept, a tow-truck operator hooked onto the cab of her truck and raised the front of it off the ground.[1] He then pounded on the door to wake her up. Ms. Campbell was still groggy and did not realize the cab had been elevated. As a result, she fell when opening the door and injured her head, shoulder, and left wrist.

Marten denied Ms. Campbell's claim on the grounds she deviated from her job duties to perform a personal errand, and she filed a Petition for Benefit Determination.

---

[1] The parking lot was posted, "No Truck Parking."

1

After an Expedited Hearing, the Court denied benefits because Ms. Campbell was not likely to prevail on proving that her injury arose out of the course and scope of her employment. Marten filed this Motion for Summary Judgment and a statement of undisputed facts. Ms. Campbell did not file a response, and the Court heard the Motion on June 18, 2020.

**Marten's Motion**

Marten filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03. Most of the "facts" were a recitation of the procedural history of the claim, along with some of the Court's findings in the Expedited Hearing Order. The Court notes that procedural history and Expedited Hearing Order conclusions do not constitute facts upon which summary judgment may be granted. However, these material facts may be gleaned from the statement:

1. The sole reason for Ms. Campbell's stop at the store was to purchase a gift for her mother.
2. Ms. Campbell contends she had permission to make the additional stop.

Marten contended these facts support summary judgment because they constitute affirmative evidence that Ms. Campbell cannot establish essential elements of her claim. Specifically, it argued she cannot prove that her alleged injury arose in the course and scope of her employment.

As stated, Ms. Campbell did not file a response, but she appeared for the hearing on this motion. She contended that she had returned to the course and scope of her employment at the time of her injury because she was trying to protect Marten's truck from being towed.

**Law and Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2019).

As the moving party, Marten must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Marten is successful in meeting this burden, the nonmoving party – Ms. Campbell – must then establish that the record contains specific facts upon which the Court could base a decision in her favor. *Rye*, at 265.

Ms. Campbell filed no response opposing the motion for summary judgment and failed respond to Marten's statement of undisputed material facts. Therefore, under Rule 56.04 and Tennessee Compilation Rules and Regulations 0800-02-21-.18(1)(c) (August 2019), the Court finds the motion unopposed and the facts admitted. The issue then is whether under Rule 56.06 summary judgment is "appropriate."

Considering the merits of Marten's motion, the Court finds it successfully demonstrated that Ms. Campbell's evidence is insufficient to establish a causal connection between her injury and her employment, an essential element of her claim. Under Tennessee Code Annotated section 50-6-102, Ms. Campbell must show that her injury arose in the course and scope of her employment.

Application of this course and scope requirement depends in part on the nature of an injured employee's work. A traveling employee is generally considered to be in the course of employment continuously during the duration of the entire trip, except when there is a distinct departure on a personal errand. *McCann v. Hatchett*, 19 S.W.3d 218, 221 (Tenn. 2000). As a truck driver, Ms. Campbell was a traveling employee. The question, therefore, is whether her trip to the store constituted a distinct departure on a personal errand.

Tennessee Courts have found that some personal acts of comfort and convenience, such as bathroom breaks or meal stops, are incidental to the employment. These contribute to the furtherance of an employer's interest, and injuries that occur during these stops are deemed to have arisen out of the employment. *See McCormick v. Aabakus, Inc.*, No. M1999-01234-WC-R3-CV, 101 S.W.3d 60, 63 (Tenn. Workers' Comp. Panel Oct. 5, 2000). However, Ms. Campbell's sole reason for this stop was to purchase a gift, not for food, fuel, or a bathroom break. Her decision to leave her route and park her truck was based on purely personal considerations. This differs fundamentally from a comfort stop; in that it provided no benefit to Marten. Therefore, it represents a distinct departure on a personal errand.[2]

Ms. Campbell contended that she had Marten's permission to make the stop. Even if true, the Court is unaware of any authority that granting permission for a departure changes the *McCann* analysis. Instead, the focus remains on the question of whether Ms. Campbell's deviation from her route provided any benefit to Marten. Ms. Campbell offered no evidence of any benefit. Similarly, Ms. Campbell provided no evidence to support her argument that her injury occurred in the course and scope of her employment because it arose out of her attempts to prevent towing of Marten's truck.[3]

---

[2] The statement of undisputed facts does not establish whether the physical deviation from Ms. Campbell's route was geographically significant, but the Court is unaware of any legal authority establishing a minimum required distance to constitute a distinct departure.

[3] Even if proof of this contention had been admitted, the Court questions whether an employee's actions to

In response to Marten's motion, Ms. Campbell must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [her] favor[.]" *Rye,* at 265. Further, she must do more than simply offer hypothetical evidence; she must produce evidence at this summary judgment stage of the case that is sufficient to establish the essential elements of her workers' compensation claim. *Id.* Ms. Campbell failed to meet this burden, as she offered no countervailing evidence and produced no material facts to lead the Court to find in her favor.

Thus, there is no genuine issue of material fact, and the Court holds Marten is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Marten's Motion for Summary Judgment is granted, and Ms. Campbell's claim is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Marten Transport under Tennessee Compilation Rules and Regulations 0800-02-21-.06, payable to the Clerk within five days of this order becoming final.

4. Marten Transport shall file the SD-2 with the Clerk within ten days of the date of judgment.

   **ENTERED June 29, 2020.**

_____
**Judge Dale A. Tipps**
**Court of Workers' Compensation Claims**

---

mitigate the consequences of a distinct departure, taken before the departure is concluded, would constitute a return to the course and scope of employment.

4

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on June 29, 2020.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Ronda Campbell, Self-represented Employee | | X | Fields1961@yahoo.com |
| Allen Grant, Employer Attorney | | X | agrant@eraclides.com |

_____

**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on _____    ☐ Other Order filed on _____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*