IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT KNOXVILLE
Assigned on Briefs April 10, 2025

FILED
JUL 3 0 2025
Clerk of the Appellate Courts
REc'd By _R Gooyal_

## RONALD C. WADE v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. 0546-WC-13-0501995, William A. Young, Commissioner**

---

**No. E2024-00945-SC-R3-WC    MAILED June 23, 2025**

---

Ronald C. Wade brings this appeal challenging the Tennessee Claims Commission's denial of his motion to compel medical benefits. The appeal has been referred to the Special Workers' Compensation Appeals Panel pursuant to Tennessee Supreme Court Rule 51. Because we conclude that the Claims Commission's two grounds for denying benefits are incorrect, we reverse and remand for further proceedings.

**Tenn. Code Ann. § 9-8-403(a)(1) Appeal as of Right;**
**Decision of the Tennessee Claims Commission Reversed**

W. MARK WARD, J., delivered the opinion of the court, in which HOLLY KIRBY, C.J. and ROY B. MORGAN, JR., J., joined.

Joshua J. Bond, Knoxville, Tennessee, for the Appellant, Ronald C. Wade

Joshua R. Walker, Knoxville, Tennessee, for the Appellee, State of Tennessee

## OPINION

## Factual and Procedural Background

On February 20, 2013, Ronald C. Wade, then a police officer for the University of Tennessee, Knoxville, suffered extensive cervical, lumbar, and other injuries in a work-related motor-vehicle accident while driving his patrol car. His injuries required him to undergo multiple cervical and lower-back surgeries, along with other procedures and injections. He took disability retirement on March 8, 2017, and reached maximum medical improvement on September 11, 2017. Wade

resolved his workers' compensation claim with the State of Tennessee by Agreed Order in July 2020. Under this Agreement, Wade is to continue receiving statutory future medical treatment benefits for the 2013 injury.

On April 28, 2023, Wade was involved in another motor-vehicle accident on his way back from two medical appointments relating to his 2013 accident that were approved under workers' compensation. Specifically, Wade was a passenger in a car stopped at a red light when it was struck from behind by a vehicle traveling about 55 mph. Wade felt a popping and cracking in his neck, followed by increasing neck pain and pain radiating down into his right shoulder, right tricep and bicep region, and down into his forearm. There is no dispute that Wade's preexisting cervical and lumbar spine symptoms worsened considerably after this second car accident. A pre-existing tremor in Wade's upper extremities also worsened and Wade has suffered muscle spasms in his neck area.

Following the accident, Wade's authorized treating physician, Dr. Martha Smith, recommended that Wade undergo cervical Botox injections to treat his neck injuries. The recommendation was submitted to the Utilization Review Process and assigned to CorVel Corporation to perform the review. Dr. Nakul Mahajan conducted the review for CorVel and recommended non-certification. Dr. Mahajan concluded that the injections were not medically necessary because Wade did not meet the applicable guideline criteria. In particular, Dr. Mahajan reviewed Wade's medical records and found "no evidence of moderate or greater clonic and/or tonic involuntary contractions of multiple neck muscles on physical exam." He also found "no support that alternative causes of symptoms have been ruled out."

Wade filed a motion to compel medical benefits in the Tennessee Claims Commission, which has jurisdiction over workers' compensation claims filed by state employees. Tenn. Code Ann. § 9-8-307(a)(1)(K)(i). Wade supported his motion with additional medical records and related materials documenting his injuries.

The Claims Commission held a telephonic hearing and heard sworn testimony from Wade. The Commission credited Wade's testimony but ultimately denied his motion to compel medical benefits. The Commission based its decision on two alternative grounds. First, the Commission determined that Wade's injuries were a result of his 2023 car accident and thus did not arise out of his employment. Second, the Commission summarily held that Wade failed to rebut the Utilization Review's conclusion that the prescribed injections were not medically necessary.

Wade timely appealed to this Court, which has jurisdiction over workers' compensation appeals from the Commission. Tenn. Code Ann. § 9-8-403(a)(1); *see also Gadd v. State*, No. E1998-00016-WC-R3-CV, 2000 WL 310262, at *1 (Tenn. Workers' Comp. Panel Mar. 24, 2000) ("Jurisdiction in the appeal of a state employee's workers' compensation case from the action of the Tennessee Claims Commission is governed by Tennessee Code Annotated § 9-8-403(a)(1), which provides for direct appeal to the Supreme Court.").

## Analysis

Because Wade suffered his compensable work-related injury on February 20, 2013, the parties agree that this case is controlled by the workers' compensation law that existed prior to July 1, 2014. That "old law" established a remedial framework that must be liberally construed to effectuate its purpose of justly compensating injured employees. *See* Tenn. Code Ann. § 50-6-116 (2014) (applicable to injuries occurring prior to July 1, 2014); *Martin v. Lear Corp.*, 90 S.W.3d 626, 629 (Tenn. 2002). A trial court's findings of fact are reviewed "de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-225(e)(2) (2014). A trial court's conclusions of law, however, are reviewed de novo with no presumption of correctness. *See, e.g., Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009).

Applying these principles, we conclude that the Commission erroneously denied Wade's motion to compel medical benefits. The Commission first held that Wade is not entitled to benefits because his 2023 injuries did not arise out of his employment. *See* Tenn. Code Ann. § 50-6-102(12)(A) (2012). The Commission correctly recognized that the aggravation of an original work-related injury is compensable only if it is a "direct and natural result" of the original compensable injury. *Anderson v. Westfield Grp.*, 259 S.W.3d 690, 696–700 (Tenn. 2008). But the Commission overlooked existing Tennessee case law holding that a subsequent injury generally arises out of employment—and is therefore compensable—if it occurs while the employee is traveling to or from authorized medical treatment for the original compensable injury.

At least two Tennessee Special Workers' Compensation Appeals Panels have applied this principle. In *Carter v. Wal-Mart Stores, Inc.*, No. M1999-01520-WC-R3-CV, 2000 WL 1234402 (Tenn. Workers' Comp. Panel Sept. 1, 2000), an employee was struck by a runaway van as she crossed the street to her physician's

office where she was getting medical care for a prior compensable work injury. *Id.* at *1. The panel held that the employee's injuries arose out of her employment and were therefore compensable because the risk of getting injured while seeking medical care for a compensable injury is the type of "street risk" that the worker's compensation law covers. *Id.* at *2–4.

Another panel opinion in *Manuel v. Davidson Transit Organization*, No. M2007-01580-CV-R3-WC, 2008 WL 4367492 (Tenn. Workers' Comp. Panel Sept. 24, 2008), is similar. There, a former employee was injured in a car accident that occurred when she fell asleep while driving home after physical therapy for a compensable work injury. *Id.* at *1. Citing *Carter* among other authorities, the panel awarded benefits to the claimant because "injuries which occur while traveling to and from authorized medical treatment are compensable." *Id.* at *2. The fact that the claimant was no longer employed at the time of the second accident did not break the chain of causation because "[h]er need for medical treatment was a direct result of a compensable injury and, thus, was a partial continuation of the employment relationship." *Id.* at *3.

The panel opinions in *Carter* and *Manuel* are consistent with the prevailing view nationwide that an accident is ordinarily compensable if it occurs while an employee is on the way to or from medical treatment for a prior compensable injury. *See, e.g.*, Larson's Workers' Compensation Law § 10.07 (collecting authority).

The State argues that the Tennessee Supreme Court's opinion in *Anderson v. Westfield Group* establishes an intervening-cause rule that abrogates *Carter* and *Manuel* and forecloses Wade's request for benefits. 259 S.W.3d at 696–97. *Anderson*, however, did not address injuries suffered by an employee on the way to or from medical treatment for a compensable injury. Nor did it address another analogous quasi-course-of-employment activity. Instead, *Anderson* simply held that an employee could not obtain workers' compensation for burn injuries suffered while cooking at home after a compensable injury because the employee's negligent cooking was an intervening cause of her injuries. We see nothing in *Anderson* or any other authority undermining the doctrine applied in *Carter* and *Manuel*.

In fact, the Supreme Court's opinion in *Anderson* indicates continued support for the doctrine, suggesting that an employee's negligence in performing a quasi-course-of-employment activity—"such as a trip to the doctor's office"—would not be sufficient to break the causation chain. *Id.* at 699 (citing *Larson's Workers' Compensation* § 10.05). If a claimant's own negligence in driving to or from the doctor's office for treatment of a compensable injury is insufficient to break the

causation chain, we do not see how a third party's alleged negligence would be sufficient to do so.

The fact that this case is governed by the prior workers' compensation framework further supports reversal of the Commission's judgment. Again, the "old law" must be "construed liberally," and "any reasonable doubt as to whether an injury arises out of the employment should be resolved in the employee's favor." *McCormick v. Aabakus Inc.*, 101 S.W.3d 60, 62 (Tenn. Workers' Comp. Panel 2000).

Because there is no dispute that Wade was on his way home from seeking authorized medical care for his compensable injury, the Commission erred in holding that the 2023 accident was an intervening cause of his injuries that foreclosed Wade's request for medical benefits.

The Commission alternatively found that Wade is not entitled to benefits because the Utilization Review's findings rebutted the presumption that the prescribed injections were medically necessary. The Commission summarily affirmed the Utilization Review's findings without addressing Wade's arguments— supported by additional medical records and testimony—explaining why the injections were medically appropriate. On appeal, the State's brief does not even attempt to defend the Utilization Review's substantive findings. Instead, it simply argues that the Utilization Review was sufficient because it was conducted by a Board-certified physician who reviewed the records and provided a rationale for his decision denying benefits. We are not persuaded.

"[T]here is a presumption that treatment furnished by designated physicians is necessary and reasonable." *Carter v. Shoney's, Inc.*, 845 S.W.2d 740, 743 (Tenn. 1992). Employers may use a utilization review process to rebut that presumption if the treating physician's recommended treatment is found to be unnecessary, inappropriate, or inefficient. *See* Tenn. Code Ann. §§ 50-6-102(17), 50-6-124 (2014). In evaluating Wade's motion for benefits, the Commission was required to "consider the evidence and make a de novo decision about whether the proposed treatment is reasonably necessary." *Cummings-Boyd v. Law Offices of Jeffrey Garrety, P.C.*, No. W2021-00720-SC-R3-WC, 2022 WL 1184416, at *5 (Tenn. Workers' Comp. Panel Mar. 4, 2022). And in doing so, the Commission was required to consider the claimant's testimony and any other relevant evidence, even if it was not presented to the Utilization Review agent. *Shelton v. Joseph Constr. Co.*, No. M2014-01743-SC-R3-WC, 2015 WL 3509283, at *5–6 (Tenn. Workers' Comp. Panel June 3, 2015).

In our view, the Utilization Review's perfunctory findings fail to rebut the presumption that Wade's prescribed injections are medically necessary. The Utilization Review found "no evidence of moderate or greater clonic and/or tonic involuntary contractions of multiple neck muscles on physical exam." But the Utilization Review itself separately acknowledges several times that Wade has been diagnosed with "muscle spasm of [the] cervical spine." Additionally, multiple medical records submitted to the Commission expressly note that Wade has been suffering from muscle spasms in the neck area and that the spasms have been observed during physical exams. Notably, the State's appellate brief does not explain why this evidence is insufficient to refute the Utilization Review's contrary findings.

The Utilization Review also cryptically finds that there is no indication that "alternative causes of symptoms have been ruled out." Neither the Utilization Review nor the State's appellate brief, however, explains in any detail what other medical conditions Wade has or may have that might render the prescribed injections improper or unnecessary. Again, Wade's authorized medical provider has found that Wade suffers from muscle spasms in his neck, has observed those spasms during Wade's physical exams, and has prescribed Botox injections to address the problem. Because the Utilization Review's cursory analysis fails to rebut the medical providers' presumptively correct treatment determination, the Commission erred in denying Wade's motion for benefits on this ground.

## Conclusion

For these reasons, we reverse the Claims Commission's decision denying Wade's request for medical benefits and remand for further proceedings. Costs on appeal are taxed to the State of Tennessee.

S: <u>W. MARK WARD</u>
W. MARK WARD, SENIOR JUDGE